## 54397. MULLINS v. THE STATE.

McMURRAY, Judge.

By stipulation of counsel for the defendant and the state defendant was tried on four separate indictments for the offense of theft by receiving stolen property (by disposing of said property). Three of the indictments involved property of the value of more than $100, and the other of less than $100. Defendant was convicted in each of the four cases with the jury finding the defendant "guilty as charged." He was sentenced to serve four years on each of the felony convictions to be served consecutively and to serve twelve months on the misdemeanor conviction concurrent with the second of the felony sentences. Defendant's motion for new trial as amended was denied, and he appeals. *Held:*

The sole enumeration of error argued by the defendant was that the trial court erred in failing to charge the jury without request that the value of the property in the first three "counts" (indictments) would have to be proven beyond a reasonable doubt to have been in excess of $100 for the jury to convict the defendant of a felony, citing *Jones v. State,* 139 Ga. App. 366 (4) (228 SE2d 387), and contending that there was considerable

doubt as to the value of the property taken. However, examination of the record shows that there was no dispute as to value, and there was no objection to the expert testimony showing the value of the items which were stolen and which were disposed of by sale to others by the defendant to be as to each charge considerably greater than $100. See *Dent v. State,* 136 Ga. App. 366 (1) (221 SE2d 228); *Marchman v. State,* 132 Ga. App. 677, 683 (209 SE2d 88). For instance, the stolen Sylvania television set was shown to be of the value of $120–$130, the stolen stereo system was shown to be valued at $199.95, and the stolen rifle and scope to be $125, and the stolen .12 gauge Browning automatic shotgun to be $100. These last two items, were listed together in the same indictment. The evidence clearly shows the value as to each of these charges to be greater than $100. While the jury might have considered such opinion testimony and made reasonable deductions therefrom and could have exercised their own knowledge and ideas as to the value and found same to be less than $100 (see *Jones v. State,* supra, and cits.), nevertheless there was no written request to charge. In *Spear v. State,* 230 Ga. 74, 75 (1) (195 SE2d 397), our Supreme Court has said: "While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." See also *Gaines v. State,* 239 Ga. 98, 101 (236 SE2d 55); *Hill v. State,* 237 Ga. 523 (228 SE2d 898); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

We believe the better practice would have been for the court to have charged as to value and as stated in *Jones v. State,* supra; nevertheless we find no reversible error in that the court failed to instruct the jury without written request that had it determined the value to be less

than $100 it should so find. Here there was absolutely no evidence which would indicate that the property alleged to have been stolen as to the felony indictments was of a value less than $100. There is no merit in this complaint.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED NOVEMBER 17, 1977.

*James M. Watts,* for appellant.
*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.