## 55604. KIRBY v. THE STATE.
## 55605. TALLEY v. THE STATE.

DEEN, Presiding Judge.

Eddie Kirby and Gary Talley appeal from their conviction of aggravated assault alleging that the trial court erred in denying their motion for a new trial.

1. It is contended that the trial court erred in permitting a medical doctor to qualify as an expert and subsequently failing to charge the jury in regard to expert testimony. "It is not error, in the absence of a timely written request, for the court to fail to charge on the weight to be given the testimony of an expert witness." *Davis v. State,* 205 Ga. 248 (2) (53 SE2d 545) (1949); see *Godwin v. Atlantic C. L. R. Co.,* 120 Ga. 747 (6) (48 SE 139) (1904); *Cameron v. State,* 111 Ga. App. 691 (143 SE2d 189) (1965). The defendant in any case is not relieved " '. . . from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' [Cits.]" *Mullins v. State,* 144 Ga. App. 22, 23 (240 SE2d 297) (1977).

As no harm is shown, this enumeration is without merit.

2. Error is asserted in the admission of lay testimony to establish the condition and appearance of the victim after the assault and the failure of the trial court to charge on lay opinion evidence. One of the victim's friends and his father gave their opinions as to the change in his physical condition since he was assaulted. Defendant's objection to the opinion evidence given by the victim's friend was sustained and the court confined the witness to answering the questions as to what he had observed. We find no error in this ruling. No objection was made to any of the father's testimony except an objection that a proper foundation had not been laid for his testimony about the type of work the victim could do. This objection was properly overruled, as the record indicates that a proper foundation had been laid for this question. "A nonexpert witness who is familiar with the physical condition and capacity of the plaintiff before the time of the alleged injuries may properly testify to the effect of such injuries based on his observations of the plaintiff undertaking to work subsequently to the injury as compared to his observations of his undertaking to work prior to the time of the alleged injury." *American Fidelity &c. Co., Inc. v. Farmer,* 77 Ga. App. 166 (17) (48 SE2d 122) (1948). See *Brewer v. Henson,* 96 Ga. App. 501 (2) (100 SE2d 661) (1957). As no request for a charge on lay opinion evidence was requested and defendant's objection was sustained, there was no harm in the trial court's omission. See *Mullins v. State,* supra.

3. Appellant complains that the trial court's refusal to declare a mistrial after the close of the state's argument constituted reversible error. Closing arguments were not recorded, and there is nothing in the record to indicate that the trial court abused its discretion in denying the motion for a mistrial. *Smith v. State,* 204 Ga. 184 (48 SE2d 860) (1948).

4. Appellant contends that there was insufficient evidence to support a conviction of aggravated assault. Eddie Kirby testified on his own behalf and admits beating the victim with his fists and kicking him, but denies that he hit the victim on the back of the head with a metal pipe. Gary Talley also testified and admitted hitting the victim with his fists. Although fists and feet are not considered

deadly weapons within the meaning of Code Ann. § 26-1302, "... they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc. . . . [W]hether the instrument used constitutes a deadly weapon is properly for the jury's determination." *Quarles v. State,* 130 Ga. App. 756 (204 SE2d 467) (1974). In this case, the victim was knocked unconscious, and the physician who attended him after his arrival at the hospital testified that he was unable to arouse him. Therefore, we cannot hold, as a matter of law, that the fists and feet which were used to inflict injuries upon the victim were not deadly weapons. Moreover, both the victim and his witness testified that they heard something ring on his glasses which the victim thought was a metal pipe. Although no such weapon was ever found, the severity of the injuries inflicted indicate that the jury could find that a metal instrument was used on the victim's head. This enumeration is without merit; there is no reason to reverse the jury's verdict.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 3, 1978 — DECIDED APRIL 28, 1978.

*William Jerry Westbrook,* for Kirby.
*Thomas J. Espy, Jr.,* for Talley.
*William M. Campbell, District Attorney, James A. Meaney, III, Assistant District Attorney,* for appellee.