A98A1365. ROSS v. THE STATE.
(508 SE2d 424)

POPE, Presiding Judge.

Douglas Ross was charged by accusation with resisting arrest, attempting to elude police, speeding, driving with a suspended license, reckless driving and improper passing. Ross denied the charges and opted to be tried before a judge sitting without a jury. At the bench trial, the arresting officer was the only witness for the state and Ross was the only witness for the defense. After the close of all the evidence, Ross made various motions, including an oral motion to quash the reckless driving charge. The court denied the motion to quash, but "directed a verdict"[1] on the resisting arrest charge and found Ross not guilty of speeding. The court convicted him of the four remaining charges. Ross appeals.

Ross' sole argument on appeal is that the court erred in denying his motion to quash the charge of reckless driving because the accusation fails to allege the essential elements of the offense. Ross' argument is correct and, contrary to the state's claim, his oral motion made at the close of the evidence was not untimely.

"Rule 31.1 of the Uniform Superior Court Rules does require all motions and demurrers to be made and filed at or before the time of

---

[1] In a bench trial there is no verdict. Thus, instead of directing a verdict, the judge should have simply acquitted Ross of the resisting arrest charge. See *Jones v. State*, 226 Ga. App. 608, 609 (487 SE2d 89) (1997).

arraignment unless the time is extended in writing by the judge. In addition, OCGA § 17-7-111 requires such motions to be made in writing. These rules, however, do not preclude an oral objection to the sufficiency of an indictment or accusation at any time during trial if it is so defective that judgment upon it would be arrested. Where the accused desires to take exception to the form of an indictment or accusation, it is essential that he should do so by a demurrer or motion to quash, made in writing and before pleading to the merits. If, however, the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during the trial, and it may be quashed on oral motion." (Citations and punctuation omitted.) *Pullen v. State*, 199 Ga. App. 881 (406 SE2d 283) (1991). "A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment. All exceptions which go merely to the form of an indictment shall be made before trial." (Citations, punctuation and emphasis omitted.) *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

In the current case, Ross did not except merely to the form of the accusation, but asserted that the substance of the accusation is defective in that it fails to allege the essential elements of reckless driving. Consequently, his oral objection at the close of the evidence was a timely challenge to the substance of the accusation. Compare *Bramblett v. State*, 239 Ga. 336, 337-338 (1) (236 SE2d 580) (1977); *State v. O'Quinn*, 192 Ga. App. 359, 360-361 (2) (384 SE2d 888) (1989).

Not only was Ross' challenge timely, it was also correct. "The true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Thus, if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective." (Citations and punctuation omitted.) *Thomason v. State*, 196 Ga. App. 447, 448 (2) (396 SE2d 79) (1990).

In the instant case, the accusation does not contain the essential elements of the offense of reckless driving. The essential elements of the offense are set forth in OCGA § 40-6-390 (a), which provides: "Any person who drives any vehicle in *reckless disregard for the safety of persons or property* commits the offense of reckless driving." (Emphasis supplied.) The accusation in this case charges Ross with "RECKLESS DRIVING, for that he did in Troup County, Georgia, on

or about the 5th day of July, 1997, then and there unlawfully drive motor vehicle on a public highway of this state in a reckless manner contrary to the laws of said State, the peace, good order and dignity thereof." This accusation fails to include the crucial language that Ross drove *with reckless disregard for the safety of persons or property*. See *Duggan v. State*, 225 Ga. App. 291, 297 (8) (483 SE2d 373) (1997). The accusation is therefore substantively defective; Ross could admit all the allegations of the accusation and still be innocent of reckless driving because there would be no admission that he recklessly disregarded the safety of persons or property. Because the accusation is substantively defective in that it does not set forth an offense, the trial court erred in denying Ross' motion to quash the accusation. See *Pullen v. State*, 199 Ga. App. at 882.

*Judgment reversed. Beasley and Ruffin, JJ., concur.*

DECIDED OCTOBER 27, 1998.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Jack Kirby, Solicitor*, for appellee.