## A01A1694. HOWARD v. THE STATE.
### (555 SE2d 884)

ELLINGTON, Judge.

John Russell Howard pled guilty to homicide by vehicle, OCGA § 40-6-393 (a), and was sentenced to serve 15 years in prison. His guilty plea to additional counts of reckless driving, OCGA § 40-6-390, exceeding allowed width of vehicles and loads, OCGA § 32-6-23, and failure to obtain a permit, OCGA §§ 32-6-20; 32-6-26; 32-6-28, merged into the vehicular homicide count. Following the denial of his motion for new trial, Howard appeals, contending the indictment was fatally defective in failing to charge him with a crime against the laws of Georgia. For the reasons which follow, we affirm.

1. Initially, we address the State's argument that Howard may not raise his challenge to the indictment in this direct appeal but may raise it only in a separate habeas corpus proceeding. Ordinarily, "[a] motion for new trial is not the proper method to attack the sufficiency of an indictment and does not provide a basis for this Court to review the indictment." *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998). See also *Abreu v. State*, 206 Ga. App. 361, 363 (2) (425 SE2d 331) (1992). Rather,

> [w]hen an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law and, upon the trial, no demurrer to the indictment is interposed and the accused is convicted under the indictment and judgment is entered on the verdict, the accused's proper remedy is a motion in arrest of judgment or habeas corpus.

(Punctuation omitted.) *McKay*, 234 Ga. App. at 559 (2). We are mindful, however, that a defense to an indictment on the basis that it charges no crime may be raised at any time and is not waived by a plea of guilty. *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995); *Moore v. State*, 246 Ga. App. 163, 165 (3) (539 SE2d 851) (2000); *Belvin v. State*, 221 Ga. App. 114, 115 (470 SE2d 497) (1996). Furthermore, "there is no magic in mere nomenclature, and pleadings are construed to serve the best interests of the pleader, and are judged by function rather than name." (Citation and punctuation omitted.) *Jordan v. State*, 247 Ga. App. 551, 552 (1) (544 SE2d 731) (2001). While his pleading was identified as a motion for new trial, we conclude that Howard's argument was in substance a motion in arrest of judgment which presented to the trial court for decision his argument that the indictment failed to charge him with a crime. Cf. *Moore*, 246 Ga. App. at 165 (3). Accordingly, we will consider Howard's appeal on the merits.

2. Howard contends Count 2 of the indictment failed to charge

him with felony vehicular homicide in that it failed to charge the underlying offense, reckless driving, because it did not allege that he drove in "reckless disregard for the safety of persons or property." Count 2 alleged as follows:

> John Russell Howard did . . . unlawfully without malice aforethought, cause the death of [the victim], a human being, through a violation of OCGA § 40-6-390, Reckless Driving, in that [he] did operate a vehicle with a width greater than allowed by OCGA [§] 32-6-23, and did violate Department of Transportation Rules, Chapter 672-2, regarding required escorts, time of travel, route of travel, required visibility and travel over bridges less than 28 feet in width, contrary to the laws of this state.

As Howard correctly argues, an indictment for reckless driving under OCGA § 40-6-390 (a) which "fails to include the crucial language that [the defendant] drove *with reckless disregard for the safety of persons or property*" is "substantively defective." (Emphasis in original.) *Ross v. State*, 235 Ga. App. 7, 8-9 (508 SE2d 424) (1998). Without that crucial language, the defendant could admit all the allegations of the indictment and "still be innocent of reckless driving because there would be no admission that he recklessly disregarded the safety of persons or property." Id.

But Count 2 of the indictment charged Howard not with reckless driving but with vehicular homicide, with reckless driving as the predicate or underlying violation. Ordinarily, "[a]llegations set forth in one count of an indictment cannot be imputed to a separate count, absent specific reference to the allegation sought to be imputed." (Footnote omitted.) *Smith v. Hardrick*, 266 Ga. at 56 (3). An indictment may be valid as to an offense requiring proof of an underlying or predicate offense, however, even if the count as to the compound offense omits an essential element of the predicate offense — as long as the indictment charges the predicate offense completely in a separate count or where the defendant is put on notice of the predicate offense by the facts alleged in the indictment to show how the compound offense was committed. *Dunn v. State*, 263 Ga. 343, 344 (2) (434 SE2d 60) (1993) (felony murder and aggravated assault). See also *Chapman v. State*, 266 Ga. 356, 358 (3) (467 SE2d 497) (1996) (felony murder and misuse of firearm while hunting).

Because the count of the indictment charging Howard with reckless driving included the "crucial language" that he drove with "reckless disregard for the safety of persons and property," Count 2, charging him with vehicular homicide based on that predicate act, contained the elements of the offense and apprised him of the

charges he must be prepared to answer at trial. Cf. *Ross*, 235 Ga. App. at 8-9. Accordingly, Count 2 was legally sufficient, and the trial court correctly denied Howard's motion in arrest of judgment. *Campbell v. State*, 223 Ga. App. 484, 486 (3) (477 SE2d 905) (1996).

3. Howard further contends Counts 4, 5, and 6 of the indictment failed to charge him with a crime. Because the trial court merged the driving violations into the vehicular homicide count for sentencing, Howard's convictions of reckless driving, exceeding allowed width of vehicles and loads, and failure to obtain a permit stand vacated by operation of law, and Howard's contentions as to those convictions are moot. *Wilkins v. State*, 246 Ga. App. 667, 670 (6) (541 SE2d 458) (2000); *Miller v. State*, 223 Ga. App. 453, 454 (2) (477 SE2d 878) (1996).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 1, 2001 —
RECONSIDERATION DENIED NOVEMBER 16, 2001 — 

*Ray C. Smith*, for appellant.
*R. Joseph Martin III, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.