### S01A1600. THE STATE v. GRANT.
(561 SE2d 94)

BENHAM, Justice.

This is an appeal from the grant of a motion in arrest of judgment. Arthur Grant was indicted for two counts of felony murder, with fleeing and attempting to elude and theft by receiving as the underlying felonies, and one count each of felony-grade fleeing and attempting to elude, theft by receiving stolen property, homicide by vehicle in the first degree, and reckless driving. The charges arose from an incident in which Grant, while driving a stolen car and attempting to elude capture, collided with another car in an intersection, killing a passenger in the other car. The felony murder count which specified theft by receiving as the underlying felony was quashed on Grant's pre-trial motion, but the trial court denied Grant's motion to quash the felony murder count with fleeing and attempting to elude as its predicate felony. That count read as follows:

The grand jurors . . . charge and accuse **ARTHUR GRANT** with the offense of **FELONY MURDER O.C.G.A. § 16-5-1**

for the said accused, in the County of Fulton and State of Georgia, on the 7th **DAY OF MARCH, 1999, DID UNLAWFULLY DURING THE COMMISSION OF A FELONY, TO WIT: FLEEING AND ATTEMPTING TO ELUDE A POLICE OFFICER, CAUSE THE DEATH OF JOSEPH LEWIS, JR., A HUMAN BEING, BY DRIVING A MOTOR VEHICLE INTO AN INTERSECTION AND STRIKING ANOTHER MOTOR VEHICLE AT THE INTERSECTION. . . .**

Grant was convicted of that count of felony murder and the other offenses. He then filed a motion in arrest of judgment, contending that the felony murder count of the indictment was insufficient because the underlying felony was not specifically set out. After a hearing, the trial court granted the motion and the State undertook this appeal as it is authorized to do by OCGA § 5-7-1 (a) (2).

The felony murder count under consideration here charged that Grant caused a death while in the commission of the felony of fleeing and attempting to elude a police officer. However, the offense of fleeing and attempting to elude is a misdemeanor unless certain aggravating factors are present. The language of the statute[1] makes it clear that two aggravating factors must be present. First, the defendant must be attempting to escape arrest for a felony offense other than a traffic offense, and second, one of four other factors must appear: the defendant (1) operates his or her vehicle in excess of 30 miles an hour above the posted speed limit, (2) strikes or collides with another vehicle or a pedestrian, (3) flees in traffic conditions which place the general public at risk of receiving serious injuries, (4) or leaves the state. OCGA § 40-6-395 (b) (5) (A). Although the felony murder count at issue did specify the second aggravating factor by alleging that Grant struck another car in an intersection, it did not allege the essential element that Grant was attempting to escape arrest for a non-traffic felony. It thus appears that the felony murder count presently under review was not technically complete.

However, "[d]ue process is satisfied where the indictment puts

---

[1] OCGA § 40-6-395, Fleeing or attempting to elude police officer; impersonating law enforcement officer.

. . .

(b) (5) (A) Any person violating the provisions of subsection (a) of this Code section who, while fleeing or attempting to elude a pursuing police vehicle or police officer in an attempt to escape arrest for a felony offense other than a violation of this chapter, operates his or her vehicle in excess of 30 miles an hour above the posted speed limit, strikes or collides with another vehicle or a pedestrian, flees in traffic conditions which place the general public at risk of receiving serious injuries, or leaves the state shall be guilty of a felony punishable by a fine of $5,000.00 and imprisonment for not less than one year nor more than five years.

the defendant on notice of the crimes with which he is charged and against which he must defend. [Cit.]" *Dunn v. State*, 263 Ga. 343, 344 (2) (434 SE2d 60) (1993). The Court of Appeals recently explained that an indictment which omits an essential element of the predicate offense in a count charging a compound offense can nonetheless satisfy the requirements of due process "as long as the indictment charges the predicate offense completely in a separate count. . . ." *Howard v. State*, 252 Ga. App. 487, 488 (2) (555 SE2d 884) (2001). The indictment in *Howard* included a vehicular homicide count and a separate count charging reckless driving. The vehicular homicide count relied on reckless driving as the predicate felony, but failed to include the crucial language that Howard drove with reckless disregard for the safety of persons or property. However, the Court of Appeals held that since the reckless driving count of the indictment included the crucial language that Howard drove with "reckless disregard for the safety of persons and property," then the vehicular homicide count based on the predicate offense of reckless driving contained the elements of the offense and apprised Howard of the charges he had to be prepared to answer at trial. That being so, the vehicular homicide count was ruled to be legally sufficient. Id.

Similarly, in the present case, the indictment included a separate count charging Grant with felony fleeing and attempting to elude. That count set out the elements of fleeing and attempting to elude in the language of the code section, specified as the predicate felony that Grant was fleeing arrest for the felony of theft by receiving, and specified two of the aggravating factors named in the statute. Since the indictment informed Grant of the charges against him so that he could present his defense at trial and not be surprised by the evidence against him, and since it would also protect him against another prosecution for the same offense, we conclude it was sufficient. *Hopper v. Hampton*, 244 Ga. 361, 362 (260 SE2d 73) (1979). We hold, accordingly, that the trial court erred in granting Grant's motion in arrest of judgment.

*Judgment reversed. All the Justices concur, except Sears, P. J., who concurs in the judgment only.*

DECIDED MARCH 11, 2002.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys*, for appellant.
*Marilyn Primovic*, for appellee.