S03A0958. MIKENNEY v. THE STATE.

(586 SE2d 328)

CARLEY, Justice.

After the death of eight-month-old Danyale Graves, the grand jury indicted Michael Mikenney for malice murder, two alternative counts of felony murder while committing child cruelty, and four separate counts of cruelty to children. The jury found him guilty on the two felony murder counts and on one of the cruelty to children counts. The trial court entered judgment of conviction as to one of the felony murder counts and, concluding that the other crimes merged therein, sentenced him to a single term of life imprisonment. After the trial court denied a motion for new trial, Mikenney brings this

---

appeal.[1]

1. "A person . . . commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c). Here, the underlying felony was child cruelty, and OCGA § 16-5-70 (b) provides, in relevant part, that an accused commits that crime when he "maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." Thus, it was not necessary for the State to prove that Mikenney intended to kill the child if he maliciously caused her excessive pain. See *Holliman v. State*, 257 Ga. 209, 210 (1) (356 SE2d 886) (1987).

Of the counts charging the defendant with felony murder by violating OCGA § 16-5-70 (b), Count Two alleged that he caused the death of the victim "by injuring the child's head, chest, and abdomen," and Count Three alleged that he did so by failing "to get necessary and appropriate medical care for the child's injury to the abdomen. . . ." However, neither count expressly alleged that he committed the predicate acts of child cruelty maliciously and, for that reason, he contends that the indictment is void and cannot support the conviction for felony murder. See *Smith v. Hardrick*, 266 Ga. 54, 55 (3) (464 SE2d 198) (1995).

Because the trial court entered judgment of conviction only on the guilty verdict returned on alternative Count Three, that is the only felony murder count which we need to consider on appeal. Although Count Three did not allege that Mikenney acted maliciously when he failed to seek medical treatment for the victim's injured abdomen,

> an indictment which omits an essential element of the predicate offense in a count charging a compound offense can nonetheless satisfy the requirements of due process "as long as the indictment charges the predicate offense completely in a separate count. . . ." [Cit.]

*State v. Grant*, 274 Ga. 826, 828 (561 SE2d 94) (2002). Here, the jury also returned a guilty verdict on Count Seven of the indictment, which charged child cruelty separately by alleging that Mikenney "did unlawfully and *maliciously* cause [the victim] excessive physical

---

[1] The crimes were committed on April 2, 2000. The grand jury indicted Mikenney on January 9, 2001. The jury returned the guilty verdicts on June 2, 2001. The trial court entered the judgment of conviction and imposed the life sentence on June 5, 2001. Mikenney filed a motion for new trial on June 20, 2001, and the trial court denied that motion on December 18, 2002. Mikenney filed a notice of appeal on January 14, 2003, and the case was docketed in this Court on March 18, 2003. The appeal was submitted for decision on May 12, 2003.

pain by failing to get necessary and appropriate medical care for the child's injuries to the abdominal area. . . ." (Emphasis supplied.) Thus, this count alleges the same act of cruelty to children as the underlying felony in Count Three, along with the additional allegation that, in causing the victim excessive pain, he acted maliciously. Because Count Seven is a separate count which contains all of the essential elements of the predicate offense, "the felony murder count was also valid. [Cit.]" *Pye v. State*, 274 Ga. 839, 842 (5) (561 SE2d 109) (2002). Therefore, Count Three complies with the requirements of due process and is sufficient to support the conviction for that crime.

2. Mikenney urges that the evidence does not authorize the verdict. The prosecution showed that the child suffered a lacerated liver resulting from blunt force trauma to the abdomen. This injury, which was inflicted between 12 and 24 hours prior to her death, caused internal bleeding and would have been painful. The child's crying and tenderness in her abdominal area were outward manifestations of the need for medical attention. A witness testified that Mikenney said he told the child's mother not to take her "to the hospital because the bruises on her stomach, they probably would have took the baby." He admitted to the investigating officer that he informed the victim's mother not to seek medical attention because "you know how Muscogee County jumps to conclusions when it comes to children." When construed most strongly in support of the verdict, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Mikenney was guilty of felony murder during the commission of child cruelty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Alexander v. State*, 274 Ga. 787, 788 (1) (561 SE2d 64) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Margaret E. Bagley, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.