S09A0221. DASHER v. THE STATE.
S09A0631. LEWIS v. THE STATE.
(676 SE2d 181)

BENHAM, Justice.

Appellants Quinton Dasher and Wesley Tyrone Lewis were convicted of the felony murder of Jimmy D. Burke in Toombs County.[1] On appeal, each appellant takes issue with the sufficiency of the count of the indictment charging them with felony murder and with the sufficiency of the evidence of aggravated assault. Appellant Lewis also contests the admission of evidence of his status as a "drug dealer."

1. The State presented evidence that the victim cashed his weekly paycheck at 4:12 p.m. the day before he was found dead, and left the bank with over $340. That evening he took a taxi to a neighborhood in Lyons, Georgia, where he was found dead the next morning and his wallet emptied of cash. From "drag marks" and blood drops, it appeared his body had been dragged across a dirt lane

---

[1] The victim died on March 12, 2005, and appellants were arrested the same day. In December 2005, the Toombs County grand jury returned a true bill of indictment charging appellants with the malice murder, felony murder (aggravated assault), and robbery of the victim. The trial took place November 20-22, 2006, and resulted in appellants' acquittal of the malice murder and robbery charges and their convictions of the felony murder charge. Appellants were sentenced to life imprisonment on the felony murder conviction on November 22, 2006. Dasher's motion for new trial, timely filed on December 4, 2006, and amended February 22, 2008, was the subject of a hearing on July 17, 2008, and was denied September 4, 2008. Dasher's notice of appeal was timely filed September 25, 2008, and the appeal was docketed in this Court on October 21, 2008. Lewis filed a motion for new trial on December 1, 2006, and filed an amended motion on December 17, 2007. The motion was heard on July 16, 2008, and was denied September 4, 2008. A timely notice of appeal was filed on September 30, 2008. Both appeals were submitted for decision on the briefs.

from the apartment occupied by appellant Dasher to the site where it was found. The forensic pathologist who performed the autopsy testified the victim had suffered extensive abrasions and bruising about the face and head that "most probably" were the result of having been punched, and the mixture of bruising and scraping exhibited by the victim's body was "very characteristic" of having been kicked repeatedly with shod feet. The cause of death was a sub-arachnoid hemorrhage due to a torn vertebral artery caused by a blow to the head that turned the head violently. The forensic pathologist testified that kicking the victim would provide the force required to rapidly jerk the head so as to tear the artery at the base of the brain.

A woman testified she and the victim met the evening before his body was found and smoked crack cocaine. The two of them then went to appellant Dasher's apartment to purchase more crack cocaine and to rent a room where they continued to smoke crack cocaine for two to three hours. The witness identified Dasher and Lewis as the two men who came into the rented room and struck the victim several times, causing him to fall on the floor and remain there. The witness stated that Dasher dragged the inert victim out of the room and out of his apartment, and that Dasher and Lewis cleaned up the blood in the rented room. Drops of blood found in the room were determined to be that of the victim, as was the blood on clothing found in a dumpster near Dasher's apartment and the drops of blood on one of the shoes Dasher was wearing when he was arrested.

The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellants Dasher and Lewis committed felony murder when they engaged in a felonious aggravated assault of the victim that resulted in his death. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellants assert they are entitled to a new trial because the indictment on which they were tried purportedly did not sufficiently charge appellants with felony murder. Appellants point out that the felony murder count did not set out the elements of the underlying felony of aggravated assault, the indictment did not contain a separate charge of aggravated assault setting out the essential elements of the crime, and they contend the indictment's malice murder count did not allege sufficient facts showing the commission of the underlying felony. See *State v. Grant*, 274 Ga. 826 (561 SE2d 94) (2002); *White v. State*, 270 Ga. 804, 807 (514 SE2d 14) (1999).

The "contention that the felony murder indictment was deficient because it did not contain all the essential elements of the underlying crime of aggravated assault is, in essence, a special demurrer seeking greater specificity with regard to the predicate

310

felony." *Stinson v. State*, 279 Ga. 177, 180 (611 SE2d 52) (2005). The failure to file a timely special demurrer seeking additional information constitutes a waiver of the right to be tried on a perfect indictment. Id. See OCGA § 17-7-110 (timing of pre-trial motions).

Appellant Lewis maintains his amended motion for new trial in which he raised this issue was the equivalent of a motion in arrest of judgment, a post-trial means by which a defendant may challenge an indictment as one would do in a general demurrer. See *Lowe v. State*, 276 Ga. 538 (2) (579 SE2d 728) (2003) (motion in arrest of judgment must be based upon a defect that could be challenged by a timely general demurrer). Even if we assume the amended motion for new trial may serve as a motion in arrest of judgment, we cannot address the merits of the motion in arrest of judgment because it was not timely filed. See *Mitchell v. State*, 282 Ga. 416 (3) (651 SE2d 49) (2007). A motion in arrest of judgment must be filed within the term of court in which the judgment was rendered. OCGA § 17-9-61 (b). The terms of court for the Superior Court of Toombs County begin on the fourth Monday in February, May, August, and November. OCGA § 15-6-3 (24) (D). Appellant Lewis's sentence was entered on November 22, 2006, during the August 2006 term of court, and his amended motion for new trial/motion in arrest of judgment was filed December 17, 2007, during the November 2007 term of court. Due to the untimeliness of the purported motion in arrest of judgment, we do not address the merits of appellant Lewis's motion.

3. Appellants contend the evidence presented by the State was insufficient to support the jury's conclusion that appellants committed an aggravated assault on Jimmy Burke. We disagree. The State presented evidence that appellants repeatedly struck the victim about his face and head, causing him to lose consciousness and eventually die. OCGA § 16-5-21 (a) (2) criminalizes an assault made with the offensive use of any object that "actually does result in serious bodily injury. . . ." There was evidence that the victim suffered serious bodily injury as the likely result of repeated punches and kicks to his head. The jury was instructed that it was to decide whether the hands and feet of the defendants constituted weapons likely to cause serious bodily injury, and that the jury could infer the "serious injury-producing character of the instrument in question from the nature and the extent of the injury," along with all the facts and circumstances.

Appellants maintain they could only be convicted of violating OCGA § 16-5-21 (a) (2) using shod feet as deadly weapons and, citing *Williams v. State*, 127 Ga. App. 386, 388 (193 SE2d 633) (1972), argue that the case against them fails because the State failed to present detailed evidence of the footwear worn, e.g., whether it was a shoe or boot, its size, weight, construction, and the manner in

which it was used. "Hands and fists may be deadly weapons depending upon the circumstances, including the extent of the victim's injuries." *Wright v. State*, 211 Ga. App. 474 (1) (440 SE2d 27) (1993). "Although fists and feet are not considered deadly weapons . . . , they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc. . . ." (Punctuation omitted.) *Kirby v. State*, 145 Ga. App. 813 (4) (245 SE2d 43) (1978). The jury was authorized to conclude that appellants' hands and feet were used as deadly weapons and we cannot hold, as a matter of law, that the hands and feet used to inflict injuries upon the victim were not deadly weapons. Id.

4. During the State's case-in-chief, a witness described appellant Lewis as a "drug dealer." On appeal, Lewis contends admission of the testimony was error since it was impermissible evidence of bad character. See OCGA § 24-2-2. The State maintains appellant Lewis waived appellate review of the issue by failing to object to the testimony when it was introduced at trial; appellant Lewis responds that he preserved his objection to the admission of the testimony when he filed a pre-trial motion in limine regarding the admission of evidence that Lewis was a drug dealer. It is true that an appellant's failure to voice an objection at the time evidence is proffered during trial does not waive appellate review of the admissibility of the evidence if the appellant challenged the admissibility of the evidence in a pre-trial motion in limine which the trial court denied. *Bryant v. State*, 271 Ga. 99 (2) (515 SE2d 836) (1999). In the case at bar, the transcript of the hearing on the motion in limine reveals that the trial court reserved its ruling on the motion. Where the trial court reserves ruling on a challenge to the admission of evidence, a defendant's subsequent failure to object to the testimony when it is admitted or to invoke a ruling by the trial court preserves nothing for appellate review. See *Dyer v. State*, 257 Ga. App. 267 (3) (570 SE2d 692) (2002); *Hicks v. State*, 175 Ga. App. 243 (1) (333 SE2d 113) (1985).

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Brandi D. Payne*, for appellant (case no. S09A0221).
*John K. Gross*, for appellant (case no. S09A0631).
*William S. Askew, District Attorney, Lash S. Askew, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher*

*R. Johnson, Assistant Attorney General*, for appellee.