## A11A0633. SWANSON v. THE STATE.

(708 SE2d 307)

McFADDEN, Judge.

On October 8, 2007, Harley Swanson, with the assistance of counsel, pled guilty to robbery, aggravated assault and burglary. That same date, the trial court entered judgment of conviction and imposed a total sentence of 35 years, with 15 years to be served in confinement, followed by 20 years of probation. Three years later, on September 30, 2010, Swanson filed a pro se motion in arrest of judgment, claiming that the indictment upon which he entered his

guilty plea was invalid in that it failed to properly allege venue. The trial court denied the motion, finding that the indictment was not defective as to venue because it alleged that the offenses occurred in Floyd County. Swanson appeals, challenging the denial of his motion. We affirm because the motion in arrest of judgment was untimely.

"[A] motion in arrest of judgment [is] a post-trial means by which a defendant may challenge an indictment as one would do in a general demurrer. [Cit.]" *Dasher v. State*, 285 Ga. 308, 310 (2) (676 SE2d 181) (2009). See also *Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699) (2011) (where no general demurrer was interposed and judgment of conviction was entered, motion in arrest of judgment is a proper remedy to challenge validity of indictment). However, "[a] motion in arrest of judgment must be filed within the term of court in which the judgment was rendered. OCGA § 17-9-61 (b)." *Dasher*, supra. Here, Swanson did not file his motion within the same term of court in which the judgment was rendered, and instead filed it three years, and many terms of court, later. See OCGA § 15-6-3 (33) (Floyd County terms of court begin on the second Monday in January, March, July and September, and on the first Monday in May and November). Accordingly, "we cannot address the merit of [Swanson's] motion in arrest of judgment because it was not timely filed. [Cit.]" *Dasher*, supra. See also *Thompson v. State*, 286 Ga. 889, 890 (2) (692 SE2d 379) (2010).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED APRIL 20, 2011.

Harley D. Swanson, *pro se.*
*Leigh E. Patterson, District Attorney*, for appellee.

