**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 4, 2019**

# In the Court of Appeals of Georgia

A18A2112. HEATH v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Kristine Heath was convicted of homicide by vehicle in the first degree, homicide by vehicle in the second degree, five counts of serious injury by vehicle, and failure to stop for a stop sign.[1] The trial court denied Heath's motion

---

[1]The events leading to Heath's convictions occurred on June 17, 2011. Judgment of conviction was entered August 14, 2013, and Heath filed a motion for new trial on September 13, 2013. On March 17, 2014, she filed a motion to amend her sentence under OCGA § 17-10-1 (f), which the trial court granted on July 23, 2014, reducing her sentence from its original term of 20 years of imprisonment followed by 10 years of probation to a new term of 15 years of imprisonment followed by 15 years of probation.

New counsel amended the motion for new trial on March 13, 2017, and again on February 19, 2018. The trial court denied the motion for new trial on May 1, 2018, Heath filed a notice of appeal on May 11, 2018, and the case was docketed in this court on July 11, 2018.

Heath was released on parole after five years of incarceration on August 24, 2018.

for new trial and she filed this appeal. She argues that the evidence was insufficient to support the felony convictions; that she received ineffective assistance of counsel; that she was deprived of her right to be present at all critical stages of the trial; and that the court plainly erred by failing to instruct the jury on proximate cause.

We reverse Heath's convictions for homicide by vehicle in the first degree, homicide by vehicle in the second degree, and serious injury by vehicle because her trial counsel provided ineffective assistance by failing to demur to fatally defective counts in the indictment. We do not reach the other claims of error that affect only the convictions based on those counts. We affirm Heath's conviction for failure to stop at a stop sign.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the jury's verdict, *Cunningham v. State*, 304 Ga. 789, 790 (822 SE2d 281) (2018), the evidence showed that Heath was

---

The more than 4½-year delay in ruling on Heath's motion for new trial is not fully explained. It is the duty of the trial court and the parties to ensure that post-conviction motions are decided without unnecessary delay. See *Owens v. State*, 303 Ga. 254 (4) (811 SE2d 420) (2018). Effective January 1, 2019, amended Uniform Superior Court Rule 41.2 places upon the trial court the "responsibility to monitor the progress of the case." The amended rule requires the trial court to schedule status conferences regarding the motion for new trial approximately every 180 days until the motion is heard. Uniform Superior Court Rule 41.2.

attending a family reunion at Clarks Hill Lake the weekend of June 17, 2011. She arrived Friday evening.

Heath and her group left to go to a restaurant for dinner. Heath drove the group in her vehicle, traveling on Ridge Road towards its intersection with Washington Road three or four miles away. The intersection is governed by a stop sign.

Heath was driving about forty miles per hour, five miles below the posted speed limit. She rounded the last curve before the intersection, drove a 220-foot straightaway, and then ran the stop sign without slowing down; she never applied the brakes.

Heath collided with a Jeep Cherokee traveling on Washington Road in which a driver and five passengers were riding. In the collision, the driver of the Cherokee injured her knees, broke her ankle, broke ribs, and suffered lacerations to her liver. One of the passengers damaged her spleen and liver, bruised her heart, punctured a lung, and broke ribs. A second passenger in the Cherokee broke pelvic bones and fractured an eye socket.

In Heath's vehicle, one passenger was killed. A second passenger suffered a crushed pelvis and a separation between his sacrum and hip, and lacerated his liver and a kidney. A third passenger broke his pelvis and suffered a contusion to his head.

Heath was charged with one count of homicide by vehicle in the first degree (OCGA § 40-6-393 (a)) based on reckless driving (OCGA § 40-6-390); one count of homicide by vehicle in the first degree (OCGA § 40-6-393 (a)) based on driving under the influence of alcohol (OCGA § 40-6-391); six counts of serious injury by vehicle (OCGA § 40-6-394) based on reckless driving (OCGA § 40-6-390) and driving under the influence of alcohol (OCGA § 40-6-391); failure to stop at a stop sign (OCGA § 40-6-72); and violation of the open container law (OCGA § 40-6-253). The trial court granted the state's request for entry of nolle prosequi on one of the serious-injury-by-vehicle counts and the open-container count.

The jury found Heath guilty of homicide by vehicle in the first degree based on reckless driving; five counts of serious injury by vehicle; and failure to stop at a stop sign. It found Heath guilty of homicide by vehicle in the second degree as a lesser-included offense of homicide by vehicle in the first degree based on driving under the influence of alcohol. The trial court merged the second-degree homicide-by-vehicle conviction and the failure-to-stop-at-a-stop-sign conviction, and sentenced Heath to a total of 15 years imprisonment followed by 15 years probation. In a brief order, the trial court denied Heath's motion for new trial, and this appeal followed.

2. *Ineffective assistance of counsel*.

4

Heath argues that trial counsel was ineffective for failing to file a general demurrer to the felony counts of the indictment. We agree and reverse the convictions entered on those counts.

> To establish an ineffective assistance claim, an appellant must show not only that [her] counsel's performance was deficient but also that the deficiency so prejudiced [her] as to create a reasonable probability that but for counsel's errors, the outcome of the trial would have been different. Failure to satisfy both requirements is fatal to an ineffectiveness claim.

*Everhart v. State*, 337 Ga. App. 348, 353 (3) (786 SE2d 866) (2016) (citation omitted).

Heath argues that trial counsel was ineffective for failing to file a general demurrer because the indictment omitted material elements in the counts charging homicide by vehicle and serious injury by vehicle.

> The Sixth Amendment to the United States Constitution states that criminal defendants shall "be informed of the nature and cause of the accusation against them." It is established in Georgia that satisfaction of this fundamental principle requires that a criminal indictment which does not recite language from the Code must allege every essential element of the crime charged.

5

*Everhart*, 337 Ga. App. at 354-355 (3) (a) (quoting *Smith v. Hardrick*, 266 Ga. 54, 54 (1) (464 SE2d 198) (1995)). "A general demurrer challenges the sufficiency of the substance of an indictment. The true test of the sufficiency of an indictment to withstand a general demurrer is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective." *Brown v. State*, 322 Ga. App. 446, 453 (3) (745 SE2d 699) (2013). In that regard,

> [t]o withstand a general demurrer, an indictment must: (1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute. If either of these requisites is met, then the accused cannot admit the allegations of the indictment and yet be not guilty of the crime charged.

*Jackson v. State*, 301 Ga. 137, 141 (1) (800 SE2d 356) (2017). However, "an indictment which omits an essential element of the predicate offense in a count charging a compound offense[, such as vehicular homicide and serious injury by vehicle,] can nonetheless satisfy the requirements of due process as long as the indictment charges the predicate offense completely in a separate count." *Mikenney v. State*, 277 Ga. 64, 65 (1) (586 SE2d 328) (2003) (citation and punctuation

6

omitted). "[A]n indictment alleging merely that the accused's acts were in violation of a specified criminal Code section" is defective. *Jackson*, 301 Ga. at 139 (1) (citation omitted).

In this case, none of the counts charging compound offenses contained the essential elements of the predicate offenses of reckless driving and driving under the influence of alcohol, nor did they allege the facts necessary to establish violations of the predicate offenses. Further, the indictment did not contain separate counts charging the predicate offenses.

"The essential elements of the offense [of reckless driving] are set forth in OCGA § 40-6-390 (a), which provides: 'Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving.'" *Ross v. State*, 235 Ga. App. 7, 8-9 (508 SE2d 424) (1998) (citations and punctuation omitted). The essential elements of the offense of driving while under the influence of alcohol to the extent that it is less safe to drive are set forth in OCGA § 40-6-391 (a) (1), which provides: "A person shall not drive or be in actual physical control of any moving vehicle while[ u]nder the influence of alcohol to the extent that it is less safe for the person to drive[.]" See also *Lee v. State*, 280 Ga. App. 706, 707 (634 SE2d 837) (2006) (citations omitted) (the offense of driving while under the

influence of alcohol to the extent that it is less safe to drive has "three elements: (1) driving, (2) under the influence of alcohol, (3) to the extent that it is less safe for the person to drive."). The essential elements of the offense of driving under the influence of alcohol, per se are set forth in OCGA § 40-6-391 (a) (5), which provides: "A person shall not drive or be in actual physical control of any moving vehicle while[ t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended[.]"

The count in the indictment charging first degree vehicular homicide based on reckless driving alleged that Heath:

> in the County of Columbia and State of Georgia, on the 17th day of June, 2011, did without malice aforethought, cause the death of [the victim], a human being, through a violation of Official Code of Georgia Annotated Section 40-6-390, Reckless Driving, in that said accused, while operating a motor vehicle with six passengers and while distracted by events taking place in the vehicle, failed to stop for a stop sign and entered an intersection at a high rate of speed resulting in a collision with another vehicle, contrary to the laws of said State, the good order, peace and dignity thereof.

This count failed to include "the crucial language that [Heath] drove with reckless disregard for the safety of persons or property. The [indictment] is therefore

8

substantively defective; [Heath] could admit all the allegations of the [indictment] and still be innocent of reckless driving because there would be no admission that [s]he recklessly disregarded the safety of persons or property." *Ross*, 235 Ga. App. at 8-9 (citation, punctuation, and emphasis omitted). Cf. *Howard v. State*, 252 Ga. App. 487, 488-489 (2) (555 SE2d 884) (2001) (since the reckless-driving count of the indictment included the crucial language that defendant drove with "reckless disregard for the safety of persons and property," vehicular-homicide count based on the predicate offense of reckless driving contained the elements of the offense, apprised defendant of the charges he had to be prepared to answer at trial, and was legally sufficient). Because the indictment omitted an essential element of the predicate offense, the count charging a compound offense based on this predicate offense was void. See *Everhart*, 337 Ga. App. at 355 (3) (a). See also *Borders v. State*, 270 Ga. 804, 806 (1) (514 SE2d 14) (1999) (indictment void if it fails to charge a necessary element of the crime).

The count in the indictment charging first degree vehicular homicide based on driving under the influence of alcohol alleged that Heath:

> in the County of Columbia and State of Georgia, on the 17th day of June, 2011, did without malice aforethought, cause the death of [the victim], a human being, through a violation of Official Code of Georgia

9

Annotated Section 40-6-391, Driving Under the Influence of Alcohol, contrary to the laws of said State, the good order, peace and dignity thereof.

The indictment neither recited the language of the statute that sets out all the elements of the driving-under-the-influence offense — that Heath was under the influence of alcohol to the extent that it was less safe for her to drive or that her alcohol concentration was 0.08 or more — nor alleged the facts necessary to establish violation of the driving-under-the-influence statute. Because neither of these requisites was met, Heath could admit the allegations of the indictment and yet not be guilty of driving under the influence. *Jackson*, 301 Ga. at 141 (1). And because the indictment omitted an essential element of the predicate offense, the count charging a compound offense based on this predicate offense was void. See *Everhart*, 337 Ga. App. at 355 (3) (a).

The counts in the indictment charging serious injury by vehicle were based on both reckless driving and driving under the influence, and alleged that Heath:

in the County of Columbia and State of Georgia, on the 17th day of June, 2011, did without malice, cause bodily harm to [the victims,] human being[s], by rendering a member of [their] bod[ies] . . . useless through a violation of the Official Code of Georgia Annotated Section 40-6-390, Reckless Driving and Section 40-6-391, Driving Under the Influence of

10

Alcohol, in that [the victims were injured in a described manner], contrary to the laws of said State, the good order, peace and dignity thereof.

These counts suffer the same deficiencies as the vehicular homicide counts and likewise were void.

"Had [trial] counsel filed a general demurrer, [these counts] would have been dismissed." *Everhart*, 337 Ga. App. at 355 (3) (a). So no convictions for these counts or for lesser-included offenses under these counts could have been obtained. "Accordingly, [Heath's] trial counsel's failure to challenge [these] count[s] constitutes deficient performance, contributed to [Heath's] conviction on [] void count[s], and therefore harmed Heath and prejudiced [her] case." Id. See also *Polk v. State*, 275 Ga. App. 467, 469 (1) (620 SE2d 857) (2005) (counsel's performance was deficient for failing to timely challenge void count of indictment, the failure to do so contributed to defendant's conviction on a void count, and thus harmed defendant and prejudiced his case). The trial court erred in denying the motion for new trial on this ground and that ruling must be reversed.

We do not reach Heath's remaining enumerations of error that concern only convictions entered on the void counts of the indictment. We address only the

11

enumeration that alleges error that could affect Heath's conviction for failing to stop at a stop sign. We observe that because the statute of limitation has run, Heath may not be re-indicted. See generally *State v. Outen*, 296 Ga. 40 (764 SE2d 848) (2014).

3. *Right to be present at critical stage.*

Heath argues that her right under Art. 1, Sec. I, Para. XII of the Georgia Constitution to be present at all critical stages of trial was violated when two potential jurors were dismissed in a bench conference at which she was not present. We find that Heath acquiesced to her absence.

At some point, although it is not clear when because it is not included in the trial transcript, there must have been discussion about excusing certain panel members for cause. Then counsel and the court engaged in a bench conference, the bench conference Heath points to as violating her rights, as follows:

> **COURT**: All right. We had talked about a number of people that we were – we talked about a number of people that we were talking about excusing.
> **DEFENSE COUNSEL**: Yes, sir.
> **COURT**: I wanted to — I didn't want to do that in front of everybody else but we need to sit down and make sure we're clear on who is excused and who is not excused.
> **DEFENSE COUNSEL**: Judge, it's number three, . . . the kindergarten teacher and then number ten, . . . the fella with the left ear problem.
> **COURT**: Yeah. And we do not have the equipment. Are y'all both good on that?

12

**ASSISTANT DISTRICT ATTORNEY**: That's fine.

**COURT**: All right, so [number 10] is out. And [number three] is out.

**ASSISTANT DISTRICT ATTORNEY**: Yes, sir.

**COURT**: Is there anybody else that y'all are moving to —

**DEFENSE COUNSEL**: I think those are the only ones for cause.

**ASSISTANT DISTRICT ATTORNEY**: Yes, sir.

**COURT**: Those are the only two?

**ASSISTANT DISTRICT ATTORNEY**: Yes, sir.

**COURT**: All right, thank you.

After the jury was impaneled and had left the courtroom, the trial court judge

stated in open court that there were a number of matters that needed to be placed on

the record. The following colloquy occurred:

> **DEFENSE COUNSEL**: Judge, I think all we need to put on the record
> was that — we did it at the conference but we had agreed to strike for
> cause jurors number 3 and 10.
> **COURT**: Yes, sir.
> **DEFENSE COUNSEL**: Make sure that was heard well. And the also,
> Judge, I want to point out that I have talked to my client and she
> understands that she has the right to hear everything that goes on in the
> courtroom but that she's willing to trust me with regard to these bench
> conferences that deal with administrative details and things of the like
> to be sort of the conduit for that information.

The appellate record demonstrates that Heath acquiesced to her absence from

any bench conference at which the panel members were excused. First, the transcript

demonstrates that there had been a discussion about excusing jurors for cause, because

at the bench conference about which Health complains, the trial court judge stated that

13

he and counsel "*had talked* about excusing jurors." It is not clear whether Heath was present for that discussion. Regardless, there is no indication that she expressed any concern about or objection to the procedure used to excuse the jurors. Second, the "jury strike list" in the appellate record includes a handwritten note that "[panel member three] is excused by court for cause in side bar with judge & attorneys along with [panel member 10], *and in open court*." Third, Heath's counsel explicitly put on the record that "at the conference [they] had agreed to strike for cause jurors number 3 and 10." Again, there is no indication that Heath expressed any concern about or objection to the procedure used to excuse the jurors.

Assuming for purposes of this appeal that Heath was absent from a bench trial at which striking jurors was discussed and at which those jurors were actually struck, she has not shown a violation of her constitutional rights. Counsel "made it clear that [Heath] had not been present during a proceeding at which [two of the potential jurors were struck for cause. Heath] did not express any concern about or objection to [her] absence during that discussion, nor did [s]he ask for more details about the matter. . . ." *Goodrum v. State*, 303 Ga. 414, 416 (III) (812 SE2d 220) (2018). Under these circumstances, Heath acquiesced in her absence from such discussion. Id. at 416-417 (III).

14

*Judgment affirmed in part and reversed in part. Rickman and Markle, JJ., concur fully and specially.*

A18A2112.  HEATH v. THE STATE.


RICKMAN, Judge, concurring fully and specially.

I concur with the majority opinion fully, with one reservation regarding the validity of Count 1 of the indictment. On that issue, I believe we are constrained by *Jackson v. State*, 301 Ga. 137, (800 SE2d 356) (2017), and *Howard v. State*, 252 Ga. App. 487, (555 SE2d 884) (2001), to reverse, but I believe there is a need for further clarification on whether an indictment that both cites a specific Code section pertaining to a single crime and includes some factual allegations, but does not recite all of the elements of the offense charged, would be a legally sufficient indictment.

Here, Count 1 of the indictment charged Heath with homicide by vehicle in the first degree by reckless driving. Count 1 cited the Code section for reckless driving, OCGA § 40-6-390, which defines a single crime. It also included factual allegations that "[Heath], while operating a motor vehicle with six passengers and while distracted by events taking place in the vehicle, failed to stop for a stop sign and entered an intersection at a high rate of speed resulting in a collision with another vehicle." However, as the majority points out, it failed to allege that Heath drove her vehicle in reckless disregard for the safety of persons or property, an element of reckless driving.

In *Howard*, the defendant was also charged with vehicular homicide due to reckless driving. *Howard*, 252 Ga. App. at 488 (2). As in this case, the indictment failed to include that the defendant drove with reckless disregard for persons or property. Id. This Court stated that "an indictment for reckless driving under OCGA § 40–6–390 (a) which fails to include the crucial language that the defendant drove with reckless disregard for the safety of persons or property is substantively defective." (Citation and punctuation omitted.) Id. However, this Court held that because there was an additional count of the indictment charging the defendant with reckless driving and that count included all of the elements of the offense of reckless driving,

2

the indictment was valid. Although the indictment cited OCGA § 40-6-390 and included factual allegations, *Howard* was silent as to what effect, if any, the reference to the reckless driving statute in combination with the factual allegations had on the indictment.

More recently, in *Jackson v. State*, the Supreme Court of Georgia established a test to determine if an indictment would withstand a general demurrer. Under that test, an indictment must either: "(1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute." *Jackson*, 301 Ga. at 141 (1). The count of the indictment at issue in *Jackson* charged the defendant with failure to register as a sex offender, cited to the general sex offender statute, and stated that the defendant failed to register his change of address as required under the statute. Id. at 137. The Supreme Court held that the indictment was not sufficient to withstand a general demurrer because the statute cited in the count was very long with many subsections, the particular subsection the defendant violated was not identified, and the count did not contain enough facts. Id at 142-143 (2). *Jackson* did not clarify, however, whether the indictment would have been sufficient if, in addition to the factual allegations, it had cited a specific subsection of the relevant statute.

3

Count 2 of the indictment in this case is more obviously flawed. It charged Heath with homicide by vehicle in the first degree by driving under the influence. Count 2 cited the general statute for driving under the influence, but not the specific subsection, and it did not specify whether the defendant was charged with driving under the influence to the extent she was a less safe driver or because her blood alcohol level was .08 or more. Clearly, under *Jackson*, Count 2 would not survive a general demurrer.

The fate of Count 1 under *Jackson*, is not as obvious. Count 1 cited to the reckless driving statute which, unlike the statute in *Jackson*, is a short, specific statute that defines a single crime.[1] And Count 1 also included the factual allegations that Heath failed to stop at a stop sign and entered an intersection at a high rate of speed. The combination of the citation to the specific Code section and the given facts clearly put Heath on notice that she was being charged with driving her vehicle in reckless disregard of persons and property. However, based on existing precedent, I feel compelled to agree with the conclusion of the majority that Count 1 is invalid. It would be helpful to have more guidance, when applying the *Jackson* test, as to

---

[1] "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." OCGA § 40-6-390 (a).

4

whether an indictment count, much like Count 1 in this case, which includes a specific statute and factual allegations, could withstand a general demurrer even in the absence of including all of the essential elements of the crime.

I am authorized to state that Judge Markle joins in this special concurrence.