**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 18, 2019**

# In the Court of Appeals of Georgia

A19A0471. EDWARDS v. THE STATE.

BROWN, Judge.

Nyquarious Edwards pleaded guilty to hijacking a motor vehicle, armed robbery, aggravated assault with intent to rob, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He appeals pro se from the trial court's order dismissing his "motion to vacate void sentences and withdraw his guilty plea," contending that his sentences were void because: (1) he pleaded guilty to criminal offenses that his proven conduct shows that he did not commit; (2) the trial court failed to merge hijacking a motor vehicle and armed robbery; and (3) the trial court should have vacated his aggravated assault with intent to rob plea rather than merge it into his armed robbery plea.

The record shows that two years after Edwards pleaded guilty, he filed a pro se motion to vacate void sentences and withdraw his guilty plea, in which he asserted that the facts did not support the allegations in the indictment regarding hijacking a motor vehicle and armed robbery. With regard to both crimes, he argued that he did not obtain the vehicle from the person of the victim or use a firearm to obtain the vehicle. In support of this argument, he points to a police report stating that the victim was inside his home at the time he handed the keys to the vehicle to Edwards while Edwards held him at gunpoint. After obtaining the keys, Edwards took the vehicle parked outside, while the victim remained inside the home. According to Edwards, there was no factual basis for his plea, rendering it void. Additionally, he asserted that he would not have pled guilty but for his counsel's ineffective assistance in recommending that he do so. The trial court construed Edwards' motion as a motion to withdraw his guilty plea, concluded that it lacked jurisdiction to consider the motion because the term of court in which the plea was entered had expired, and denied it as untimely.

On December 12, 2017, Edwards filed a second motion to vacate void sentences and withdraw his guilty plea. He made the same arguments asserted in his first motion. The trial court once again construed the motion as an untimely motion

2

to withdraw a guilty plea and dismissed it. On appeal from this order, Edwards contends that the trial court erred by failing to conclude that the sentences were void based upon an inadequate factual basis for his plea, and, for the first time, he also asserts that the trial court made merger errors in its sentence.

> 1. As a preliminary matter, we note
>
> that the untimeliness of a motion to withdraw a plea limits the trial court's authority to grant relief, rather than the appellate court's authority to decide an appeal of an order on an untimely motion, meaning we have jurisdiction to consider [Edwards'] appeal of the [dismissal] of his motion to withdraw. See *Lay* [*v. State*], 289 Ga. [210,] 212 (2) [(710 SE2d 141) (2011)].

*Brooks v. State*, 301 Ga. 748, 751, (2), n.6 (804 SE2d 1) (2017).

2. With regard to Edwards' claim challenging the factual basis for the plea, the trial court properly determined that it lacked jurisdiction to consider this claim because Edwards' motion was filed in a different term of court than the one in which the guilty plea was entered.[1] Assertions regarding the lack of a factual basis for a plea

---

[1] This is not a case in which Edwards asserts that the indictment was void for failing to state a crime. And even if he had, his remedy would lie in habeas corpus. See *Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699) (2011) (remedy for void indictment limited to habeas corpus when motion in arrest of judgment not filed within the same term of court in which judgment entered); *Swanson v. State*, 309

do not render the sentence void. See *Goodrum v. State*, 259 Ga. App. 704 (578 SE2d 484) (2003).

3. With regard to the merger issues raised by Edwards for the first time on appeal, his untimely motion to withdraw his guilty plea and vacate void sentence is not the appropriate procedural mechanism to raise such a claim. His merger claim "may be considered only in a traditionally recognized proceeding to challenge a criminal conviction: a direct appeal of the conviction; an extraordinary motion for new trial; a [timely] motion in arrest of judgment; or a petition for habeas corpus." (Citations omitted.) *McGee v. State*, 296 Ga. 353, 354 (2) (765 SE2d 347) (2014). See also *Patterson v. State*, 347 Ga. App. 105, 108-110 (1) (817 SE2d 557) (2018) (merger error can be raised in timely motion to withdraw a guilty plea).

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*

---

Ga. App. 381 (708 SE2d 307) (2011) (motion in arrest of judgment is means to challenge indictment and must be brought within the same term of court in which the judgment was entered).