29648. BURMASTER v. THE STATE.

JORDAN, Justice.

F. W. Burmaster appeals from his conviction of the offense of "no life preservers on watercraft" under former

Ga. L. 1968, pp. 487, 493 (Code Ann. § 17-611.1 (a 8)).

The 1973 Georgia Boating Safety Act (Ga. L. 1973, pp. 1427—1443) was not in effect at the time of the commission of the alleged misdemeanor.

The appellant contends that the trial judge erred in overruling his demurrer to the accusation in which he asserted that the inflatable raft he was occupying at the time of his arrest did not come within the definition of "motorboat" or "watercraft" under Ga. L. 1960, pp. 235, 236, as amended by Ga. L. 1968, p. 487 (Code Ann. § 17-602 (1) and (8)); and that the law he was charged with violating was so vague and indefinite as to be violative of the due process clauses of the State and Federal Constitutions.

In 1960 the General Assembly passed the "Georgia Motorboat Numbering Act." Ga. L. 1960, pp. 235-245. In this Act the State Game and Fish Commission was given authority to make safety rules for motorboats.

The Act was amended in 1968, and this amendment included safety regulations. Section 10B (a) provided that: "Any person operating any *motorboat* on the waters of this State shall comply with the following requirements:" (Emphasis supplied.) Subsection (8) under § 10B (a) provided: "The operator of any watercraft on the waters of this State shall have aboard one life preserver, buoyant vest, ring buoy or buoyant cushion for each person aboard . . ." Ga. L. 1968, pp. 487, 493 (Code Ann. § 17-611.1 (a 8)).

The 1968 amendment added the definition of "watercraft" as "any boat or craft other than a seaplane on the water, used or capable of being used as a means of transportation on water." It also repealed the former penalty provision, and enacted a new penalty section as follows: "Section 13. Any person violating any provision of this Act shall be guilty of a misdemeanor, and upon conviction thereof shall be punished as for a misdemeanor, and the court, in its discretion, shall have the power to revoke for any period of time not exceeding two years the *motorboat* registration of any person convicted under this section for the second or any subsequent offense." Ga. L. 1968, pp. 487, 496 (Code Ann. § 17-9902). (Emphasis supplied.)

If the General Assembly by the 1968 amendment intended to provide safety rules for any type of watercraft except motorboats, and to provide criminal penalties for the violation of such rules by the operators of any watercraft except motorboats, such intent is not plain. The language requiring compliance with safety regulations and the penalty· clause both refer to motorboats only. The only language which might indicate that the operator of an inflatable raft is required to have life preservers aboard is the word "watercraft" in § 17-611.1 (a 8), construed with the definition of watercraft in § 17-602 (8).

Where the violation of a statute is made criminal, it must be tested by the rule of strict construction applicable to criminal statutes. *Cargile v. State,* 194 Ga. 20, 23 (20 SE2d 416).

Under the uncertain and confusing provision of Ga. L. 1968, pp. 487, 493 (Code Ann. § 17-611.1 (a 8)), as applied to any watercraft except motorboats, the trial judge erred in holding that the operation of an inflatable raft without life preservers was a misdemeanor. See *Wood v. State,* 219 Ga. 509 (134 SE2d 8); *Beckman v. State,* 229 Ga. 327, 331 (3) (190 SE2d 906). (This confusion was clearly corrected by the 1973 Act cited above).

It was error to overrule the appellant's demurrer to the accusation, and to convict him of the offense charged against him.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED
FEBRUARY 18, 1975.

*Harper & Matthews, Eugene W. Harper, Jr.,* for appellant.

*Clete D. Johnson, District Attorney,* for appellee.