S01A1773. PYE v. THE STATE.
(561 SE2d 109)

BENHAM, Justice.

This appeal is from Darwin Leroy Pye's conviction for felony murder arising from the death of Carlton Matthews.[1] The evidence at trial showed that Pye's co-defendant Joshua Boston quarreled with Matthews at a party and they continued it outside, where both men armed themselves with beer bottles. Pye came upon the men in a parking lot and eventually joined the altercation on Boston's side. Seeking to withdraw, Matthews backed up the stairs of an apartment building to the third floor, where the argument came to blows. Boston and Pye each hit Matthews several times and Matthews also sustained cuts consistent with wounds that a broken beer bottle would inflict, and bruising around his neck consistent with strangulation. At some point in the conflict, Matthews either jumped or was pushed over a railing and fell, sustaining fatal head injuries.

1. Appellate counsel filed a motion to withdraw this appeal and withdraw from representation of Pye so that Pye could seek a hear-

---

[1] Matthews died on February 18, 1996, and Pye was indicted on August 27, 1996, for two counts of malice murder, felony murder (aggravated assault; terroristic threats), aggravated assault, and terroristic threats. A jury trial conducted on September 18-26, 1996, resulted in acquittal on the malice murder counts, a directed verdict of acquittal on the terroristic threat count, and convictions for felony murder and aggravated assault. Pye was sentenced on October 18, 1996, to life imprisonment for felony murder, and the aggravated assault conviction was vacated by operation of law as the underlying felony of felony murder. Trial counsel filed a motion for new trial on November 22, 1996, Pye filed a motion for new trial on November 26, 1996, and appellate counsel, who was appointed in December 1996, filed two motions for permission to file out-of-time motions for new trial and, on November 20, 1998, an amended motion for new trial. That motion was denied on June 20, 2001; a notice of appeal was filed on July 2, 2001; and the case was docketed in this Court on August 22, 2001, and submitted for decision on the briefs.

ing before the trial court on allegations of ineffective assistance of trial counsel. Because appellate counsel was appointed prior to the completion of post-conviction proceedings in the trial court and filed an amended motion for new trial, but did not raise ineffective assistance of counsel, Pye's claim of ineffective assistance is deemed waived. "Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion." *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987). Since the claim has been waived, we deny the motion filed here by appellate counsel.

2. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Pye guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Since an appellate court reviewing a trial court's denial of a motion for directed verdict applies the "sufficiency of the evidence" test of *Jackson v. Virginia*, supra, we also affirm the trial court's denial of Pye's motion for directed verdict of acquittal. *Moore v. State*, 273 Ga. 11 (1) (537 SE2d 334) (2000).

3. An eyewitness to part of the interaction between Pye, Boston, and Matthews was called to testify by the State. During that testimony, the prosecuting attorney used a prior statement by the witness to refresh his recollection and to impeach his testimony. The State also produced a certified copy of the witness's conviction for forgery to impeach the implication in the witness's testimony, when he was questioned by the defense, that he could not read or write. The defendants objected to the use of the statement and to the impeachment of the witness, and moved for a mistrial, which the trial court denied. On appeal, Pye's complaints are that the statement was insufficiently authenticated to permit its use and that use of the conviction for impeachment was improper because whether the witness could read and write was only a collateral issue. Neither complaint is meritorious.

To lay a foundation for the use of an inconsistent statement, the time, place, person, and circumstances of the former statement must be called to the witness's attention and, if the statement is in writing, it must be shown or read to the witness. *Ward v. State*, 271 Ga. 648 (4) (520 SE2d 205) (1999). During the course of the witness's direct testimony and his questioning by the defense regarding his statement, the elements of that foundation were established. Because that was done, use of the statement was not error. Id.

When, in an effort to authenticate the statement, the witness was questioned about his signature on the statement, his equivocal

responses suggested that he could not sign his own name. The State's use of the witness's conviction for forgery to disprove the suggestion that he could not sign his name was similar to the use of a conviction in *Newton v. State*, 251 Ga. App. 198 (2) (552 SE2d 896) (2001). There, a witness's testimony that he did not know Newton was a shoplifter was impeached by use of the witness's prior conviction for shoplifting in a case in which he and Newton were co-defendants. Here, the conviction was used to rebut factually the implication arising from the witness's testimony that he could not sign his name. That use, as it was in *Newton*, was proper. Since neither of Pye's complaints about impeachment was meritorious, it follows that the trial court did not err in denying Pye's motion for mistrial.

4. The aggravated assault count of the indictment alleged that Pye and Boston assaulted Matthews "by striking him with a bottle and by striking him with the accused's hand, a means likely to cause serious bodily injury when used offensively against a person." Citing this Court's decision in *Smith v. Hardrick*, 266 Ga. 54 (2) (464 SE2d 198) (1995), Pye contends that the indictment is invalid unless it alleges that the accused's hands were being used as deadly weapons and were likely to cause bodily injury. While the opinion in *Smith v. Hardrick* does mention only "deadly weapon" when discussing the aggravating element which must be alleged in an indictment for aggravated assault, the proper reading of the holding is "that an indictment charging aggravated assault is fundamentally flawed when the essential elements of aggravation and intent to assault are not contained therein." *Borders v. State*, 270 Ga. 804 (1) (514 SE2d 14) (1999). The specific reference to "deadly weapon" in *Smith v. Hardrick* must be seen as a general reference to the aggravating circumstance in OCGA § 16-5-21 (a) (2),[2] which also includes "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." Id. As the Court of Appeals noted in *Gafford v. State*, 240 Ga. App. 251 (1) (523 SE2d 336) (1999), where the indictment alleges the defendant struck the victim "with his hands and feet, which, when used offensively against a person, are likely to result in serious bodily injury . . . it is unnecessary that the indictment further alleges that defendant used his hands and feet as deadly weapons in that subsection (a) (2) of [OCGA § 16-5-21] is expressed in the

---

[2] Aggravated assault.
(a) A person commits the offense of aggravated assault when he or she assaults:
. . . (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . .
OCGA § 16-5-21.

disjunctive." Since the aggravated assault count in the indictment in this case alleged that the bottle and hands with which Matthews was struck were "likely to cause serious bodily injury when used offensively against a person," the indictment sufficiently charged Pye with aggravated assault. *Crider v. State*, 246 Ga. App. 765 (3) (542 SE2d 163) (2000); *Moore v. State*, 246 Ga. App. 163 (3) (539 SE2d 851) (2000).

5. The felony murder count of the indictment in this case alleged that Pye caused the death of Matthews during the commission of aggravated assault. Pye's contention that the felony murder count of the indictment was insufficient because it did not set out specifically the elements of aggravated assault is controlled adversely to him by our recent holding in *State v. Grant*, 274 Ga. 826, 828 (561 SE2d 94) (2002): "[A]n indictment which omits an essential element of the predicate offense in a count charging a compound offense can nonetheless satisfy the requirements of due process 'as long as the indictment charges the predicate offense completely in a separate count. . . .' [Cit.]" As we noted above, the indictment in this case contained a valid count charging Pye with aggravated assault, an underlying felony in the felony murder count. That being so, the felony murder count was also valid. Id.

6. Finally, Pye complains of the trial court's failure to sever his trial from Boston's. There is no written motion to sever in the record, but Boston's trial counsel argued the issue of severance of Boston's trial from Pye's at the beginning of the trial. The record does not reflect any adoption of Boston's motion by Pye or any request by Pye to be tried separately. That being so, he may not raise the issue on appeal. *Smith v. State*, 267 Ga. 372 (2) (477 SE2d 827) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002.

*Johnson & Associates, Theodore Johnson*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Adam M. Hames*, Assistant Attorney General, for appellee.