## A08A1057. MARSHALL v. SPEEDEE CASH OF GEORGIA.
### (665 SE2d 888)

BLACKBURN, Presiding Judge.

Following the dismissal of her case against Speedee Cash of Georgia, Arber Marshall appeals, contending that the trial court erred in holding that a pawn transaction with a term of 30 days did not violate OCGA § 44-12-137 (a) (7), which prohibits pawnbrokers from providing for a maturity date of less than one month. For the reasons that follow, we affirm.

> In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor. A motion to dismiss should only be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. Stated somewhat differently, a motion to dismiss should not be granted unless the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Punctuation and footnote omitted.) *Ewing v. City of Atlanta*.[1]

The undisputed record shows that on January 10, 2007, Marshall entered into a pawn transaction with Speedee Cash, which loaned her $750 in exchange for a $73.90 finance charge and a security interest in Marshall's car. The term of the loan was 30 days, with a February 9, 2007 maturity date. On March 30, 2007, Marshall filed a complaint against Speedee Cash seeking a declaratory judgment that the pawn transaction violated applicable Code sections and seeking to enjoin Speedee Cash from imposing late payment penalties.[2] Speedee Cash successfully moved to dismiss, giving rise to this appeal.

Marshall relies on OCGA § 44-12-137 (a) (7), which provides that any pawnbroker who shall "[m]ake any agreement . . . providing for a maturity date *less than one month* after the date of the pawn transaction . . . shall be guilty of a misdemeanor." (Emphasis supplied.) OCGA § 44-12-130 (1) defines the term "month" as "that period of time from one date in a calendar month to the correspond-

---

[1] *Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007).

[2] Marshall's complaint is drafted as a class action on behalf of similarly situated borrowers in pawn transactions. The trial court dismissed the case without certifying the class action.

ing date in the following calendar month, but if there is no such corresponding date, then the last day of such following month." Therefore, based on a plain reading of OCGA §§ 44-12-130 (1) and 44-12-137 (a) (7) alone, for a pawn transaction beginning on January 10, the maturity date must be February 10 (31 days later). Therefore, Marshall argues that OCGA § 44-12-137 (a) (7), when read with OCGA § 44-12-130 (1), requires that the maturity date for a pawn transaction must be for a term of 31 days if it began in a month containing 31 days.

However, as argued by Speedee Cash (and noted by the trial court), OCGA § 44-12-131 (a) (1) requires that "[a]ll pawn transactions *shall be for 30 day periods* but may be extended or continued for additional 30 day periods." (Emphasis supplied.) Therefore, where the month is calculated to be 31 days, this Code conflicts with the requirement in OCGA § 44-12-137 (a) (7) that transactions be for a term of at least one month.

Here, the pawn transaction was made in January for a 30-day term. This fully complied with the mandatory 30-day term required by OCGA § 44-12-131 (a) (1), but potentially violated the criminal prohibition of OCGA § 44-12-137 (a) (7), at least as that section applies the OCGA § 44-12-130 (1) definition of a 31-day month.

In light of this internal conflict in the statute,

> [w]e must look to the general rules of statutory construction in construing conflicting statutes. In this regard, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent, to resolve any inconsistency between them. Moreover, while not favored, a statute may be deemed to have repealed an earlier statute where the statute later in time appears to give comprehensive expression to the whole law on the subject.

(Citations, punctuation and emphasis omitted.) *Hooks v. Cobb Center Pawn &c. Brokers*.[3] Each conflicting provision at issue here explicitly addresses the duration of a pawn transaction. Accordingly, we do not discern a reason to hold that one provision prevails as the more specific. This being so, we note that OCGA § 44-12-131 (a) (1) (the requirement that pawn transactions be for 30-day periods) was enacted after the statute already contained the "month" definition in OCGA § 44-12-130 (1) and the "one month" reference in OCGA § 44-12-137 (a) (7). See Ga. L. 1992, p. 3247, § 3 ("[a]ll pawn transactions shall be for 30 day periods . . ."); Ga. L. 1989, pp. 820,

---

[3] *Hooks v. Cobb Center Pawn &c. Brokers*, 241 Ga. App. 305, 309 (6) (527 SE2d 566) (1999).

822, §§ 1, 3 (definition and "less than one month" prohibition). Because the legislation enacting the explicit 30-day term stated that "[a]ll laws and parts of laws in conflict with this Act are repealed," we find that to the extent that the latter-enacted OCGA § 44-12-131 (a) (1) conflicted with the earlier-enacted OCGA §§ 44-12-130 (1) and 44-12-137 (a) (7), the latter-enacted law governs. Otherwise, the statute would, in some cases, criminalize the very action it requires, i.e., that "[a]ll pawn transactions shall be for 30 day periods. . . ." OCGA § 44-12-131 (a) (1). We will not interpret the statute to reach such a result, because "[i]t is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature." (Punctuation omitted.) *State of Ga. v. Mulkey*.[4]

Our construction is consistent with the rule that "[w]here the violation of a statute is made criminal, it must be tested by the rule of strict construction applicable to criminal statutes." *Burmaster v. State*.[5] See *Alexander Properties Group v. Doe*.[6] This rule "is equally applicable where, as here, the criminal statute is being construed in the context of a civil action." Id. at 308 (1), n. 3. Therefore, in light of the requirement in OCGA § 44-12-131 (a) (1) that all pawn transactions shall be for 30-day periods, we construe the prior-enacted criminal penalty in OCGA § 44-12-137 (a) (7) as inapplicable to pawn transactions that satisfy the 30-day requirement in OCGA § 44-12-131 (a) (1) and do not otherwise violate the statute.[7] Accordingly, we affirm the trial court's dismissal of Marshall's claim.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 17, 2008.

*Sidney L. Moore, Jr.*, for appellant.
*T. Lee Bishop, Jr.*, for appellee.

---

[4] *State of Ga. v. Mulkey*, 252 Ga. 201, 204 (2) (312 SE2d 601) (1984).
[5] *Burmaster v. State*, 233 Ga. 753, 755 (213 SE2d 650) (1975).
[6] *Alexander Properties Group v. Doe*, 280 Ga. 306, 308 (1) (626 SE2d 497) (2006).
[7] OCGA § 44-12-137 (a) (7) addresses other potential violations in addition to a premature maturity date. Those potential violations are not at issue here, and our holding is limited to circumstances involving the specific statutory conflict addressed herein.