## A09A0011. DUBOSE v. THE STATE.

(680 SE2d 193)

BARNES, Judge.

Michael Jerome Dubose appeals his convictions for armed robbery and aggravated assault. He contends the evidence is insufficient to sustain his convictions, and he seeks a remand to the trial court so that he can assert a claim of ineffectiveness of counsel. Finding the evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we affirm Dubose's convictions, and we deny his request to remand the case to the trial court.

1. Dubose first contends the evidence is insufficient to support the jury's verdict.[1] He argues that no witness identified him as one of the perpetrators of the crimes.

"When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, [supra]." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

Viewed in the light most favorable to the verdict, the evidence shows that two men pushed their way into the victim's home. One of the men was big and heavy set and the other was rather slim. The slim one had a gun. The men pushed the victim to the floor and demanded money from him. The victim's stepson called the police, and when the police showed up, the men fled.

The victim identified the big man as James White and the slim one as Dubose. The victim recognized Dubose as the man who was "stomping" him while he was on the floor because a mask Dubose was wearing fell down. Additionally, the victim identified Dubose from earlier occasions when he was visiting the victim's neighborhood. From this evidence a rational trier of fact could have found Dubose guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. Dubose next seeks a remand to the trial court to allow him

---

[1] Although Dubose argues that the trial court erred by not granting a directed verdict, that is not an argument we can consider because he did not enumerate it as error. *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970). In this appeal, however, that is not significant because the test established in *Jackson v. Virginia*, supra, is the appropriate one to use whenever the sufficiency of the evidence is challenged. See *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

to pursue a claim that his trial defense counsel was ineffective because his appellate counsel was not appointed until after his motion for a new trial was denied. See *Peterson v. State*, 274 Ga. 165, 171-172 (6) (549 SE2d 387) (2001).

Dubose asserts that he "*may* have an Ineffective Assistance of Counsel claim related to his right to testify. Specifically *Upton v. Parks*, 2008 WL 26375 48, July 7, 2008 addresses the issue of Defendant's right to testify." (Emphasis supplied.) We assume that the citation of authority that Dubose provided may be a reference to West Law, a system not available to this court. Nevertheless, Court of Appeals Rule 24 (d) requires counsel to cite to cases "by name of the case as well as by volume, page and year of the Official Report. Cases not yet reported shall be cited by the Court of Appeals or Supreme Court case number and date of decision." Notwithstanding Dubose's failure to comply with the rules of this court, we have determined that Dubose apparently intended to refer to the case of *Upton v. Parks*, 284 Ga. 254 (664 SE2d 196) (2008).

Dubose's enumeration of error does not identify any error that his trial defense counsel may have committed. Instead, it provides a post-trial history of his legal representation, and then closes with the assertion that "Mr. Dubose was denied his opportunity to raise an Ineffective Assistance of Counsel Claim against his trial attorney." The argument in Dubose's brief is of no more assistance. He relies upon *Upton v. Parks* apparently for the proposition that the trial court should have advised him that he had a right to testify even against the advice of his defense attorney, and states that "this calls into question Mr. Dubose's voluntariness of waiving his right to testify and therefore should be remanded on this issue." Even considering the enumeration of error together with the argument, Dubose has failed to allege that his defense counsel was ineffective in some particular fashion. He does not state that he wanted to testify, but his counsel advised him not to do so, or that his counsel prohibited him from testifying even though he wanted to do so, or even that his defense counsel should have objected to the advice given by the trial court. Accordingly, Dubose has failed to set out separately as error a specific action or actions taken or that his defense counsel failed to take, see OCGA § 5-6-40; *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999), which would authorize a remand to the trial court to consider this allegation. The purpose of a remand in this circumstance is to allow the trial court to consider an appellant's claim of ineffective counsel; it is not to allow appellate counsel to engage in a fishing expedition in the hopes of developing a possible claim of ineffectiveness that has never been asserted.

Moreover, *Upton v. Parks*, 284 Ga. at 258 (3), merely recited that

the trial transcript reveals a colloquy among the trial court, defense counsel and Parks on this very issue, in which the trial court explained in unequivocal terms that Parks had the right to testify, that the decision was Parks' alone to make, and that he was not required to follow his counsel's advice in making his decision.

It did not establish a new requirement for trial courts regarding advice on a defendant's right to testify. In any event, the transcript in this case shows that, in open court, Dubose's defense counsel stated:

Your Honor, before we move forward with the defendant's case, I would like to get on the record that I talked with the defendant about whether or not he wishes to testify in this matter. And for the record, I've gone over the benefits of testifying and also the hazards that might happen if he were to testify. *And I explained to him that I can't tell him what to do, whether he should or has to testify or cannot testify. That's only his choice. No one can force him to testify, and no one cannot allow him to testify, if he wishes to do so.* But I would like to get on the record that he does not want to testify.

(Emphasis supplied.) The trial court then stated to Dubose:

[A]s [defense counsel] has pointed out, *you have a right under the law to testify if you wish to do* so in your defense of the charges against you. You also have the right under the law not to testify, if you choose not to testify. If you choose not to testify, the Court will instruct the jury that they are not to consider the fact that you did not testify as hurtful against you. *But you do have a right to testify if you wish to do so.* And you have discussed that with [your defense counsel]?

(Emphasis supplied.) Dubose responded that he had discussed this with his defense counsel and that he did not want to testify.

Under these circumstances, the record clearly demonstrates that Dubose was fully advised of his rights to testify or not. Therefore a remand is not warranted. *Hunt v. State*, 247 Ga. App. 464, 469 (6) (542 SE2d 591) (2001).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 15, 2009.

*Kenneth W. Cooke*, for appellant.

*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.