**FIRST DIVISION**
**DOYLE, C. J.,**
**BOGGS and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 22, 2016**

# In the Court of Appeals of Georgia

A15A2104. LINDSAY v. THE STATE.                                    BO-079C

BOGGS, Judge.

Following a bench trial, Mark Lindsay appeals from his convictions for seven counts of theft by receiving stolen property.[1] He contends that insufficient evidence supports each of his convictions, that his constitutional right to a speedy trial was violated, that he received ineffective assistance of counsel, and that the trial court erred in its sentence. Based upon the State's failure to prove an essential element of the crimes it charged Lindsay with committing, we reverse.

---

[1]Lindsay was acquitted on an eighth count.

The State indicted Lindsay for theft by receiving various tangible goods that were purchased with funds embezzled from the victim by Lindsay's mistress.[2] It is undisputed from the evidence presented at trial that the goods given to Lindsay were not taken from the victim. Instead, his mistress purchased the items with funds she had embezzled and then gave the items to Lindsay. The State presented evidence that Lindsay knew the items had been purchased with the employer's funds.

1. Lindsay asserts that his conduct in receiving goods purchased with stolen funds cannot satisfy the "receiving stolen property" element of OCGA § 16-8-7 (a). As the trial court noted below, this is an issue of first impression in Georgia. When considering this issue, we must bear in mind that "[w]here the violation of a statute is made criminal, it must be tested by the rule of strict construction applicable to criminal statutes." (Citation and punctuation omitted.) *Burmaster v. State*, 233 Ga. 753, 755 (213 SE2d 650) (1975). "[I]n applying this rule the plain meaning of language must not be disregarded, but will be given full effect." *Cargile v. State*, 194 Ga. 20, 23 (2) (20 SE2d 416) (1942). And "[w]hen a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal,

---

[2] The State did not charge Lindsay with theft by taking as a party to a crime or conspiracy. See OCGA §§ 16-2-20 (party to a crime), 16-4-8 (conspiracy), 16-8-2 (theft by taking).

the other which would not, the statute must be construed strictly against the State and in favor of the accused." (Citation and punctuation omitted.) *Frix v. State*, 298 Ga. App. 538, 542-543 (1) (a) (680 SE2d 582) (2009).

OCGA § 16-8-7 (a) provides:

A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

In support of its argument that goods purchased with stolen funds qualify as stolen property, the State asserts that property traceable to stolen funds remains the property of the victim of the theft through equity. See OCGA § 53-12-132 (a) (creation of constructive trust); *First Nat. Bank &c. v. Hill*, 412 FSupp. 422, 425 (N.D. Ga. 1976) (it is a "general rule of common law that no title is acquired by an embezzler, but that such title remains in the victim, who is the beneficial owner of a constructive trust which is imposed on such monies or on property purchased with such money"). Compare *Atlanta Classic Cars, Inc. v. Chih Hung USA Auto Corp.*, 209 Ga. App. 908, 910 (2) (439 SE2d 498) (1993) (no constructive trust imposed

3

where defendant had no knowledge that party was converting another's money by paying off amounts for the purchase of cars); see also OCGA § 23-1-14 ("When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss.") In a case involving an indictment which alleged the wrong owner of stolen goods, we held that "[t]he technical quality of an owner's interest need not be pursued in a prosecution for theft by receiving, because ownership is important only in the sense of whether the goods were owned by someone other than the accused." (Citation, punctuation, and footnote omitted.) *Greeson v. State*, 253 Ga. App. 161, 165 (4) (558 SE2d 749) (2002).

But whether the owner may have had an equitable interest in the goods purchased by the mistress with the embezzled funds begs the question of whether these particular goods satisfy the "stolen property" element of OCGA § 16-8-7 under a plain reading of the statute. After carefully considering this issue, we conclude that a common sense reading of the plain language of the statute requires the State to prove that the tangible goods received by the defendant were the same goods that were taken from the owner. See *Causey v. State*, 139 Ga. App. 499, 500 (1) (229 SE2d 1) (1976) (state must present evidence sufficiently identifying goods in defendant's possession as same goods that were stolen). "The unambiguous words of

4

a criminal statute are not to be altered by judicial construction so as to punish one not otherwise within its reach, however deserving of punishment his conduct might seem." (Citation omitted.) *Waldroup v. State*, 198 Ga. 144, 145 (30 SE2d 896) (1944). Accordingly, we reverse Lindsay's convictions for theft by receiving stolen property.

2. Our holding in Division 1 renders Lindsay's remaining enumerations of error moot.

*Judgment reversed. Doyle, C. J. and Peterson, J., concur*.