**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 15, 2019**

# In the Court of Appeals of Georgia

A18A1478. BELL v. THE STATE.

RICKMAN, Judge.

Following a bench trial, Fabian Bell was convicted on one count of financial transaction card theft. He filed a motion for new trial, which the trial court denied. Bell argues that the trial court erred in denying his motion because there was a fatal variance between the allegation and the evidence adduced at trial, and also erred in denying him the opportunity him to cross-examine trial counsel at the hearing on the new trial motion. We find no error and affirm.

On appeal from a bench trial resulting in a criminal conviction, we view all evidence in the light most favorable to the trial court's verdict, and the defendant no longer enjoys the presumption of innocence. We do not re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence; our role is to determine whether the

evidence presented is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

(Citation and punctuation omitted.) *Bray v. State*, 330 Ga. App. 768, 771 (768 SE2d 285) (2015).

So construed, the evidence adduced at the bench trial showed that on the evening in question, the victim entered a take-out pizza restaurant holding her debit card and car keys. After waiting in line at the counter for about two to three minutes, she noticed that she no longer held her debit card. The victim retraced her steps between her car and the restaurant while looking to see if she had dropped it along the way.

Bell had been waiting near the counter when the victim arrived and exited the restaurant immediately before the victim noticed that she was missing her debit card. After speaking to another patron who witnessed the events, the victim confronted Bell in the parking lot. She informed Bell that the other patron reported seeing him pick up her dropped debit card and asked if he had done so. Bell emphatically–and aggressively–denied having taken the card before driving out of the parking lot. The victim recorded his license plate number and went to the police station to file a report.

The detective assigned to the case subsequently retrieved and reviewed the surveillance video from the interior of the restaurant. The video, which was played for the trial court, showed the victim enter into the restaurant and then showed Bell bend down and retrieve something from the ground near where the victim had been standing. Bell could then be seen exiting the restaurant and handing the item to his wife, who was standing immediately outside the door. The detective testified that the victim's debit card was used at a nearby gas station shortly thereafter.

Bell testified in his own defense and admitted that he picked up a bank card from the restaurant floor and gave it to his wife. He maintained, however, that the card belonged to and had been dropped by his wife, a claim which she echoed.

After hearing the evidence, the trial court convicted Bell. In the motion for new trial, Bell asserted that the evidence was insufficient to support his conviction because the debit card at issue was not taken from the victim's possession. He made no claim for ineffective assistance of trial counsel. Nevertheless, at the motion for new trial hearing, Bell's appellate counsel called to the stand Bell's trial counsel and began to question him about trial strategy. After the State objected on relevance grounds, Bell's appellate counsel indicated that he was questioning trial counsel for the purpose of determining whether to raise an ineffective assistance claim. The trial

3

court sustained the State's objection and ultimately denied the motion. This appeal follows.

1. Bell contends that the trial court erred in denying his motion for new trial because there was a fatal variance between the allegation and the evidence adduced at trial. Specifically, he argues that the State alleged he committed the offense of financial transaction card theft in that he "unlawfully obtain[ed] [the debit card] . . . issued to [the victim] . . . from whose control the card was obtained . . .," and yet the evidence showed only that he obtained "mislaid" property no longer in the victim's control. Bell's assertion completely lacks merit.

In Georgia, a person commits the crime of financial transaction card theft when he or she "takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent[.]" OCGA § 16-9-31 (a) (1). A cardholder on any given account "[has] the authority to exercise dominion and control over [a debit] card that had been issued in his [or her] name." *Amaechi v. State*, 306 Ga. App. 333, 337 (2) (a) (702 SE2d 680) (2010). Thus, although Bell did not take the debit card until the victim inadvertently dropped it on the ground, he nevertheless took it from her "control," as she was the named cardholder. See id. ("A person who, though not in actual possession, knowingly has

4

both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.") (citation and punctuation omitted); see also OCGA § 44-1-7. It follows that there was no variance between the allegation in the accusation and the evidence presented at trial, and the trial court did not err in denying Bell a new trial on this ground. See *Amaechi*, 306 Ga. App. at 337 (2) (a).

2. Bell further contends that the trial court erred in "denying [him] the ability to cross-examine his trial counsel at the motion for new trial hearing[,] requiring a remand as to the ineffective assistance of counsel claim." But Bell did not identify any error that his trial counsel may have committed, either prior to or during the motion for new trial hearing. Rather, as he admitted during the hearing, appellate counsel attempted to question trial counsel for the purpose of determining whether to raise an ineffective claim, not to elicit testimony from trial counsel that could be used in the development of an identified allegation of deficient performance. It follows that Bell's claim for ineffective assistance of trial counsel was waived. See *Pye v. State*, 274 Ga. 839, 839-840 (1) (561 SE2d 109) (2002).

Further, although Bell's appellate brief makes a scant reference to certain claims he may wish he had raised in the trial court, that does not change the fact he did not do so. Instead, Bell asks this Court to remand this case so that he may "more

fully develop the record below." But "[t]he purpose of a remand in this circumstance is to allow the trial court to consider an appellant's claim of ineffective counsel; it is not to allow appellate counsel to engage in a fishing expedition in the hopes of developing a possible claim of ineffectiveness that has never been asserted." *Dubose v. State*, 298 Ga. App. 335, 336 (2) (680 SE2d 193) (2009). A remand, therefore, is not warranted. See id.

*Judgment affirmed. Markle, J., concurs and McFadden, P. J., concurs in Division 1, and dissents in Division 2.\**

**\*DIVISION 2 OF THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**

# In the Court of Appeals of Georgia

A18A1478. BELL v. THE STATE.

MCFADDEN, Presiding Judge, concurring in part and dissenting in part.

I concur with the majority's conclusion in Division 1 that Bell is not entitled to a new trial based on his fatal variance argument. But I respectfully dissent to Division 2 of the majority opinion, because the trial court erred in prohibiting Bell's post-conviction counsel from questioning his trial counsel on the issue of trial counsel's effectiveness and the case should be remanded to allow Bell to continue pursuing that issue.

2

At the hearing on Bell's motion for new trial, his post-conviction counsel sought to question Bell's trial counsel on his trial strategy. The state objected on the ground that this line of questioning was irrelevant to the arguments asserted in the motion for new trial. Neither Bell's initial nor his amended motion for new trial asserted a claim for ineffective assistance of trial counsel. But Bell's post-conviction counsel, who had filed both motions on Bell's behalf, argued in response to the state's objection that, under OCGA § 5-5-40, he could amend the motion for new trial to add a claim for ineffectiveness. He stated that he had not yet done so because he did not know whether trial counsel's testimony would support such a claim. The trial court sustained the state's objection. Bell argues that this ruling was error, and I agree.

"The Georgia Code is clear that a motion for new trial may be amended any time before the ruling thereon. OCGA § 5-5-40 (b)." *Swint v. State*, 279 Ga. App. 777, 778 (1) (632 SE2d 712) (2006). Such amendment can occur "in the hearing" of a motion for new trial. *Swint*, supra at 779 (1). So Bell was entitled to amend his motion for new trial at the hearing on that motion to add a claim for ineffective assistance of counsel. And questions about trial counsel's strategy were clearly relevant to such a claim. The trial court erred in foreclosing this line of questioning and implicitly rejecting Bell's effort to amend his motion for new trial. Cf. *Lee v.*

3

*State*, 308 Ga. App. 711, 716 (3) (708 SE2d 633) (2011) (where defendant was authorized to amend motion for new trial under OCGA § 5-5-40 (b), trial court erred in refusing to consider claims raised in amendment).

The majority rejects Bell's argument that the case should be remanded, on the ground that Bell did not raise in the trial court any error that his trial counsel may have committed. But this case presents a different posture than most. It is not a case where a defendant failed to raise the issue of ineffective assistance of counsel until appeal. Unlike the defendants in *Pye v. State*, 274 Ga. 839 (561 SE2d 109) (2002), and *Dubose v. State*, 298 Ga. App. 335 (680 SE2d 193) (2009), Bell broached the issue of ineffective assistance of trial counsel to the trial court at a time when he was still authorized to amend his motion for new trial to include that claim. Because the trial court did not allow his post-conviction counsel to explore the issue at that time, the ruling on the motion for new trial should be vacated and the case should be remanded to allow him to do so. See *Lee*, 308 Ga. App. at 716 (3).

4