McFadden, Presiding Judge, concurring in part and dissenting in part.
I concur with the majority's conclusion in Division 1 that Bell is not entitled to a new trial based on his fatal variance argument. But I respectfully dissent to Division 2 of the majority opinion, because the trial court erred in prohibiting Bell's post-conviction counsel from questioning his trial counsel on the issue of trial counsel's effectiveness and the case should be remanded to allow Bell to continue pursuing that issue.
At the hearing on Bell's motion for new trial, his post-conviction counsel sought to question Bell's trial counsel on his trial strategy. The state objected on the ground that this line of questioning was irrelevant to the arguments asserted in the motion for new trial. Neither Bell's initial nor his amended motion for new trial asserted a claim for ineffective assistance of trial counsel. But Bell's post-conviction counsel, who had filed both motions on Bell's behalf, argued in response to the state's objection that, under OCGA § 5-5-40, he could amend the motion for new trial to add a claim for ineffectiveness. He stated that he had not yet done so because he did not know whether trial counsel's testimony would support such a claim. The trial court sustained the state's objection. Bell argues that this ruling was error, and I agree.
"The Georgia Code is clear that a motion for new trial may be amended any time before the ruling thereon. OCGA § 5-5-40 (b)." Swint v. State , 279 Ga. App. 777, 778 (1), 632 S.E.2d 712 (2006). Such amendment can occur "in the hearing" of a motion for new trial. Swint , supra at 779 (1), 632 S.E.2d 712.
*555 So Bell was entitled to amend his motion for new trial at the hearing on that motion to add a claim for ineffective assistance of counsel. And questions about trial counsel's strategy were clearly relevant to such a claim. The trial court erred in foreclosing this line of questioning and implicitly rejecting Bell's effort to amend his motion for new trial. Cf. Lee v.State , 308 Ga. App. 711, 716 (3), 708 S.E.2d 633 (2011) (where defendant was authorized to amend motion for new trial under OCGA § 5-5-40 (b), trial court erred in refusing to consider claims raised in amendment).
The majority rejects Bell's argument that the case should be remanded, on the ground that Bell did not raise in the trial court any error that his trial counsel may have committed. But this case presents a different posture than most. It is not a case where a defendant failed to raise the issue of ineffective assistance of counsel until appeal. Unlike the defendants in Pye v. State , 274 Ga. 839, 561 S.E.2d 109 (2002), and Dubose v. State , 298 Ga. App. 335, 680 S.E.2d 193 (2009), Bell broached the issue of ineffective assistance of trial counsel to the trial court at a time when he was still authorized to amend his motion for new trial to include that claim. Because the trial court did not allow his post-conviction counsel to explore the issue at that time, the ruling on the motion for new trial should be vacated and the case should be remanded to allow him to do so. See Lee , 308 Ga. App. at 716 (3), 708 S.E.2d 633.