**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 3, 2024**

# In the Court of Appeals of Georgia

A24A0475. BUCHANAN v. THE STATE.

RICKMAN, Judge.

Following a bench trial, Randall Buchanan was convicted on one count of failure to register as a sex offender based upon his failure to update his employment information with the local sheriff.[1] He argues on appeal that the evidence was insufficient to support his conviction. We agree and, therefore, reverse.

> On appeal from a bench trial resulting in a criminal conviction, we view all evidence in the light most favorable to the trial court's verdict, and the defendant no longer enjoys the presumption of innocence. We do not re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence; our role is to determine whether the

---

[1] Buchanan was also charged with one count of failure to register based upon his failure to update his vehicle information, but he was acquitted on that count.

evidence presented is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

(Citation and punctuation omitted.) *Bell v. State*, 349 Ga. App. 621, 621 (824 SE2d 552) (2019).

So construed, the evidence presented at the bench trial showed that in May 2012, Buchanan was convicted on and received a prison sentence for several sexual offenses that required, upon his release, that he register as a sexual offender pursuant to OCGA § 42-1-12 et seq. Buchanan was placed on supervised release from prison in November 2017 and registered with the Floyd County Sheriff's Office in accordance with OCGA § 42-1-12 (a) (16), (f).

In February 2023, a deputy with the Floyd County Sheriff's Office went to Buchanan's residence in order to verify that Buchanan was complying with the registration requirements. Although no one was at the residence when the deputy first arrived, Buchanan's parents and, eventually, Buchanan himself returned to the residence while the deputy remained there. Buchanan mentioned to the deputy that he "worked part-time for his father." Because Buchanan's registration forms did not

reflect this employment, he was arrested and charged with failing to timely update his registration information in violation of OCGA § 42-1-12 (f) (5),[2] (n) (1).[3]

The trial court convicted Buchanan following a bench trial. Buchanan filed a motion for new trial, which the trial court denied. This appeal followed.

Buchanan argues, in part, that the State failed to prove that sufficient time had passed so as to establish that he violated the statutory time requirement contained within the registration statute mandating that he update his employment information.[4] We agree.

---

[2] "Any sexual offender required to register under this Code section shall . . . [u]pdate the required registration information [including employment] with the sheriff of the county in which the sexual offender resides within 72 hours of any change to the required registration information . . ." OCGA § 42-1-12 (f) (5).

[3] "Any individual who . . . [i]s required to register under this Code section and who fails to comply with the requirements of this Code section . . . shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than 30 years . . ." OCGA § 42-1-12 (n) (1).

[4] Buchanan also argues that a part-time job constitutes a "vocation" under OCGA § 42-1-12 (a) (22) such that the State was also required to prove that he had worked for his father for either "14 consecutive days" or an "aggregate" of "30-days during a calendar year" before the statute mandated that he update his registration information, which the State failed to do. In light of our holding, however, we need not reach this issue.

Georgia law requires that certain sex offenders register with the sheriff of the county within which he or she resides within 72 hours of being released from prison. See OCGA § 42-1-12 (f) (2). The required registration information[5] must be renewed annually within 72 hours prior to the registrant's birthday. Id. at (f) (4). In the event of a change to the required registration information, which includes employment, a registered sex offender must submit updated information to the sheriff "within 72 hours of any change." See OCGA § 42-1-12 (f) (5); see also OCGA § 42-1-12 (a) (16) (G).

During Buchanan's trial, the State presented evidence that Buchanan admitted he "worked part-time for his father." But there was no other evidence presented as to when Buchanan's employment began and/or how frequently he worked. The only evidence the State cited in support of its allegation that Buchanan violated the 72-hour provision was the deputy's response that "[he] believe[s] so" when asked if Buchanan had "ample time to fill out a change form."

The 72-hour time frame is an essential element of the crime that a registered sex offender violates OCGA § 42-1-12 (f) (5) by failing to timely update his or her required

---

[5] The "required registration information" is set forth in OCGA § 42-1-12 (a) (16).

registration information with the sheriff. See OCGA § 42-1-12 (f) (5), (n) (1). Because the State has the burden of proving every essential element of a crime beyond a reasonable doubt, and it failed to prove that 72 hours had passed since Buchanan began working part-time for his father, we reverse Buchanan's conviction. See *Lindsay v. State*, 336 Ga. App. 330, 332 (1) (785 SE2d 6) (2016) (reversing appellant's criminal conviction because the State failed to prove an essential element of the charged crime); *Terrell v. State*, 245 Ga. App. 291, 293 (1) (536 SE2d 528) (2000) (same).

*Judgment reversed. Mercier, C. J., and McFadden, P. J., concur.*